# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 28, 2021

Lyle W. Cayce
Clerk

No. 20-60750
Summary Calendar

Yanira Del Carmen Torres-De Cabrera; Anderson Cabrera-Torres; Kevin Cabrera-Torres,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A209 228 524
BIA No. A209 228 523
BIA No. A209 228 704

Before Wiener, Dennis, and Haynes, *Circuit Judges*.

Per Curiam:*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60750

Yanira Del Carmen Torres-De Cabrera and her minor children are natives and citizens of El Salvador. They petition for review of the denial of their application for asylum and withholding of removal.

This court reviews the final decision of the Board of Immigration Appeals (BIA) and will only consider the decision of the immigration judge where it influenced the decision of the BIA. *See Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007). Questions of law are reviewed de novo and factual findings for substantial evidence. *See id.* at 594; *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). Under the substantial evidence standard, this court may not reverse an immigration court's factual findings unless "the evidence was so compelling that no reasonable factfinder could conclude against it." *Wang*, 569 F.3d at 537. Whether an applicant is eligible for asylum or withholding of removal is a factual finding. *See Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006) (citations omitted).

To be eligible for asylum, the petitioners must show they are unable or unwilling to return to El Salvador "because of persecution or a well-founded fear of persecution on account of," as relevant here, "membership in a particular social group [(PSG)]." 8 U.S.C. § 1101(a)(42)(A); *see also* 8 U.S.C. § 1158(b)(1). Petitioners assert there is substantial evidence that, if removed, they would suffer persecution on account of Torres-De Cabrera's membership in a PSG of "Salvadoran women who fear violence and delinquency in their home country." This court has declined to recognize as cognizable PSGs that are "exceedingly broad and encompass[] a diverse cross section of society." *Orellana-Monson v. Holder*, 685 F.3d 511, 521 (5th Cir. 2012). Petitioners fail to show their proposed PSG is more than a "catch all" of persons fearing persecution. *See id.* at 518-19.[1]

---

[1] We lack jurisdiction over Torres-De Cabrera's briefing regarding narrowing her PSG due to her failure to raise it below. *See Omari v. Holder*, 562 F.3d 314, 319 (5th Cir. 2009) (holding that the 8 U.S.C. § 1252(d)(1) exhaustion requirement is jurisdictional). To

This court has also consistently held that "[b]ecause the level of proof required to establish eligibility for withholding of removal is higher than that required for asylum, failure to establish eligibility for asylum is dispositive of claims for withholding of removal." *Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006); *see Munoz-Granados v. Barr*, 958 F.3d 402, 408 (5th Cir. 2020). Because petitioners fail to demonstrate their membership in a cognizable PSG as required for asylum, they necessarily fail to satisfy the more stringent standard for withholding of removal. *See Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002).

DENIED.

---

the extent Torres-De Cabrera contends that the IJ was required to ensure that her PSG was consistent with her testimony and failed to do so, we have explained that an IJ "does not have a duty to act as an advocate for the alien" particularly where, as here, the applicant is represented by counsel. *Arteaga-Ramirez v. Barr*, 954 F.3d 812, 813 (5th Cir. 2020).